**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD A. VAUGHN, SR.,** | : | |
| **Petitioner** | : | **No. 1:25-cv-01675** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, <u>et al.</u>,** | : | |
| **Respondents** | : | |

**<u>MEMORANDUM</u>**

Currently before the Court is an amended petition for a writ of habeas corpus under 28

U.S.C. § 2254 filed by pro se Petitioner Richard A. Vaughn ("Vaughn"), who is proceeding <u>in</u>

<u>forma</u> <u>pauperis</u> in this case.  For the reasons set forth below, the Court will dismiss Vaughn's

amended Section 2254 petition, decline to issue a certificate of appealability, and direct the Clerk

of Court to close this case.

**I.      BACKGROUND**

Vaughn is serving a sentence of state confinement for a minimum of twenty-five (25)

years to a maximum of fifty (50) years after a jury from the Court of Common Pleas of Franklin

County convicted him of: (1) corruption of minors (18 Pa. C.S. § 6301(a)); (2) unlawful contact

with a minor – sexual offenses (18 Pa. C.S. § 6318(a)(1)); (3) criminal attempt to commit

indecent assault of a person less than 16 years of age (18 Pa. C.S. § 901(a)); and (4) indecent

assault of a person less than 16 years of age (18 Pa. C.S. § 3126(a)(8)).  <u>See</u> Commonwealth v.

<u>Vaughn</u>, No. 94 MDA 2019, 2019 WL 6137827, at *1 (Pa. Super. Ct. Nov. 19, 2019)

(unpublished) ("<u>Vaughn I</u>"); Docket, <u>Commonwealth v. Vaughn</u>, No. CP-28-CR-0001395-2016

(Franklin Cnty. Ct. Com. Pl. <u>filed</u> Aug. 25, 2016) ("CCP Dkt.").[1]  Vaughn timely challenged his convictions and sentence through post-sentence motions and a direct appeal but was unsuccessful, with the Pennsylvania Superior Court affirming his judgment of sentence on November 19, 2019.  See <u>Vaughn I</u>, 2019 WL 613827, at *1, 5.[2]  He then sought post-conviction collateral relief by timely filing a counseled petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541–46 ("PCRA"), on December 18, 2020.  <u>See</u> CCP Dkt; <u>Commonwealth v. Vaughn</u>, No. 352 MDA 2021, 2021 WL 4739509, at *3 (Pa. Super. Ct. Oct. 12, 2021) (unpublished) ("<u>Vaughn II</u>").  The PCRA court dismissed Vaughn's petition without a hearing on February 19, 2021, and the Superior Court affirmed this dismissal on appeal on October 12, 2021.  <u>See</u> CCP Dkt.; <u>Vaughn II</u>, 2021 WL 4739509, at *1, 3, 4.[3]

Almost four (4) years later, Vaughn commenced the instant action by filing a handwritten petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was docketed with the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania on August 25, 2025.  (Doc. No. 1.)  On September 8, 2025, the Eastern District transferred Vaughn's petition to this Court.  (Doc. No. 3.)

---

[1]  The Court takes judicial notice of the docket for Vaughn's underlying criminal case, which is available on the Unified Judicial System of Pennsylvania Web Portal (https://ujsportal.pacourts.us/CaseSearch).  <u>See</u> <u>Orabi v. Att'y Gen. of the U.S.</u>, 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); <u>Wilson v. McVey</u>, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).

[2]  It does not appear that Vaughn sought further appellate review by filing a petition for allowance of appeal with the Pennsylvania Supreme Court.

[3]  As with his direct appeal, it does not appear that Vaughn sought further appellate review by filing a petition for allowance of appeal with the Pennsylvania Supreme Court.

When Vaughn filed his Section 2254 petition, he neither filed an application for leave to proceed in forma pauperis nor remitted the filing fee; as such, an Administrative Order issued requiring him to apply for leave to proceed in forma pauperis or pay the $5 filing fee within thirty (30) days or risk dismissal of this action.  (Doc. No. 6.)  On September 22, 2025, Vaughn filed an application for leave to proceed in forma pauperis ("IFP Application") along with a prisoner trust fund account statement.  (Doc. Nos. 7, 8.)  Vaughn's account statement was not certified by an appropriate prison official as required by the in forma pauperis statute, see 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action . . . without prepayment of fees or security . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which the prisoner is or was confined."); consequently, another Administrative Order issued requiring the superintendent at Vaughn's place of incarceration to submit a certified account statement.  (Doc. No. 9.)  Vaughn's certified account statement was docketed with the Clerk of Court on October 3, 2025.  (Doc. No. 10.)

After reviewing the IFP Application, Vaughn's certified account statement, and his amended Section 2254 petition, the Court issued an Order on November 25, 2025, which, inter alia: (1) granted the IFP Application; (2) identified three issues with the Section 2254 petition that would support dismissal: (a) Vaughn did not use the Court's standard form Section 2254 petition and omitted required information in his handwritten petition; (b) the petition appeared to be untimely filed; and (c) it did not appear that Vaughn had fully exhausted the sole claim he

raised in his petition through the Pennsylvania state courts.  (Doc. No. 12.)[4]  The Court also provided Vaughn with a period of thirty (30) days to file an amended petition, directed him to specifically address the timeliness of his petition and the exhaustion of his state-court remedies, and admonished him that the Court would dismiss any amended petition filed that does not sufficiently address these issues.  (Id. at 8–9.)

Vaughn timely filed an amended Section 2254 habeas petition, mostly on the Court's standard form, on November 25, 2025.  (Doc. No. 13.)  The amended petition lists two (2) claims in the standard form.  See (id. at 16, 17).  Vaughn describes his first claim as "no transcripts of trial and all claims made in PCRA."  See (id. at 16).  As for his second claim, Vaughn asserts that his PCRA counsel did not consult with him about his PCRA petition at the time of filing it, and Vaughn lacked a copy of his transcript "to inform him."  See (id. at 17).

In his handwritten portion of his amended habeas petition, Vaughn sets forth the "questions of fact and law" as follows:

[1.]    Did Franklen [sic] Count [sic] of PA, Judge Carol L. Van Horn and the Distric [sic] Attorny [sic] deny [him] a fair and imparcial [sic] trial?  Dening [sic] him to face and/or present his case of innocents [sic].

[2.]    Was [he] denied his granted right of appeal?

[3.]    Was [he] denied a grand jury indictment?

See (id. at 53).  The Court construes these "questions of fact and law" as additional claims Vaughn seeks to present in this case.  Additionally, Vaughn briefly addresses the timeliness of his petition by arguing that he was "denied direct appail [sic] rights there [sic] for time laps [sic] should not

---

[4]  Despite the Court granting the IFP Application on October 31, 2025, Vaughn remitted the $5.00 filing fee on December 8, 2025.  See (Doc. No. 14).  Since the Court already granted him leave to proceed in forma pauperis, the Court will direct the Clerk of Court to return the fee to Vaughn.

have started[.]  Court appointed lawer [sic] was pulled from case, and I know nothing of law [sic]."

See (id. at 24).

## II.   LEGAL STANDARD

District courts are tasked with conducting a preliminary review of Section 2254 habeas

petitions.  See R. 4, 28 U.S.C. foll. § 2254.  When conducting this review, "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief in the

district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

See id.

## III.   DISCUSSION

### A.   Screening of Vaughn's Amended Section 2254 Habeas Petition

As the Court previously explained (Doc. No. 12 at 4–6 & n.4), the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") provides that state prisoners are subject to a

one (1)-year statute of limitations for the filing of a Section 2254 petition, which:

> shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1).  Here, even though Vaughn does not identify which of AEDPA's

limitations provisions he invokes in this case, the only applicable provision is subsection (A),

which required him to file the instant petition within one year of the date on which his judgment

of sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review." See id. § 2244(d)(1)(A).[5]

"[A] state court criminal judgment becomes 'final,' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999) (quoting Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) and citing Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999)).  In this case, Vaughn's judgment of sentence became final on December 19, 2019, when he did not seek discretionary review by filing a petition for allowance of appeal with the Pennsylvania Supreme Court within thirty (30) days after the Superior Court affirmed his judgment of sentence.  See Pa. R.A.P. 1113(a) ("Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed.").  Therefore, AEDPA's one-year statute of limitations in Section 2244(d)(1)(A) began to run on December 19, 2019, and Vaughn had one year from that date, i.e.,

---

[5] Vaughn does not include any arguments in his amended habeas petition that would warrant a later start date under subsections (B) through (D).  He does not identify any state action that impeded him from filing a habeas petition that would allow him to invoke subsection (B), and even if he lacked trial transcripts as he claims, he does not identify any state actor who prevented him from receiving those transcripts or explain how not possessing transcripts impeded him from actually filing his Section 2254 petition in this case.  In other words, there is nothing about not receiving transcripts that would have prevented him from completing, signing, and mailing a habeas petition to this Court.

As for subsection (C), Vaughn does not assert that his claims are based on the United States Supreme Court's recognition of a new constitutional right and determination that this new right was retroactively apply to cases on collateral review.  Regarding subsection (D), even if the Court presumed that Vaughn only learned of the facts underlying his habeas claims within the last year, he fails to set forth any facts in his amended petition showing that he exercised due diligence in discovering those facts.

until December 19, 2020, to file a Section 2254 petition unless any statutory or equitable tolling period applies.[6]

Vaughn would be entitled to statutory tolling during the period that he pursued PCRA relief. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); see also Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) (explaining that a "properly filed application" for state post-conviction collateral review is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing"). Three hundred and sixty-four days of the one-year limitations period ran until Vaughn filed his first PCRA petition on December 18, 2020. See Vaughn II, 2021 WL 4739509, at *3 (stating date PCRA petition was filed). The limitations period remained tolled until November 11, 2021, when the time for Vaughn to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. At that point, only one day of the limitations period remained. Thus, Vaughn had to file a Section 2254 petition on or about November 12, 2021, for it to be timely. Vaughn did not file his Section 2254 petition in this case until August 25, 2025, almost four (4) years after his statutory tolling period ended. Therefore, Vaughn's petition is untimely unless equitable tolling is warranted.

AEDPA's one-year statute of limitations is subject to equitable tolling "in appropriate cases." See Holland v. Florida, 560 U.S. 631, 634, 649 (2010). A "'petitioner' is 'entitled to

---

[6] The Court notes that the date calculations stated in the Court's October 31, 2025 Order, see (Doc. No. 12 at 5 n.4), are slightly different than the calculations here. Any differences have no impact on the timeliness of Vaughn's habeas petition here because, as explained herein, he missed the deadline for filing his original petition by almost four years.

equitable tolling' only if [they] show[] '(1) that [they] ha[ve] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way' and prevented timely filing." See id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis removed in original)); see also Pace, 544 U.S. at 419 (explaining that "[u]nder long-established principles, [a] petitioner's lack of diligence" will "preclude[] equity's operation" (citations omitted)). In generally, equitable tolling may be appropriate if (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum." See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)). "[T]here are no bright lines in determining whether equitable tolling is warranted in a given case. Nevertheless, courts must be sparing in their use of equitable tolling, and should do so only when the principles of equity would make the rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (internal quotation marks and citations omitted).

Here, Vaughn's arguments that could possibly be construed as arguments for the application of equitable tolling relate to his lack of transcripts and ignorance of the law. Neither argument has merit. Vaughn fails to show that he has been diligently pursuing his rights and his lack of action over the past almost four years belies any diligence argument he could seek to assert relating to his lack of trial transcripts. Moreover, his ignorance of the law does not warrant equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 170 (3d Cir. 2003) (finding that petitioner was not entitled to equitable tolling based on their confusion regarding the law); see also Jones, 195 F.3d at 160 (explaining that a petitioner's "misunderstanding . . . is insufficient to excuse [their] failure to comply with the statute of limitations"); School Dist. of Allentown v.

Marshall, 657 F.2d 16, 21 (3d Cir. 1981) (rejecting ignorance of law as basis for equitable tolling).  Therefore, Vaughn's ignorance of the law also cannot serve as a basis for equitably tolling AEDPA's limitations period in this case.  Overall, Vaughn's arguments do not show that any extraordinary circumstance prevented him from timely filing his Section 2254 petition in this case to justify the Court invoking equitable tolling.  Accordingly, the Court will dismiss Vaughn's Section 2254 habeas petition as untimely.

**B.      Certificate of Appealability**

"Unless a circuit justice or judge issues a certificate of appealability [("COA")], an appeal may not be taken to the court of appeals from . . . the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. § 2253(c)(1)(A).  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  When deciding whether to issue a COA after a dismissal on procedural grounds, the Court applies the following standard:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . .  Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.

See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, jurists of reason would not find the disposition of this case debatable, i.e., that Vaughn's claims are barred by AEDPA's one-year statute of limitations.  Accordingly, the Court will not issue a COA in this case.

9

## IV.    CONCLUSION

For the reasons discussed above, the Court will dismiss Vaughn's Section 2254 habeas petition, decline to issue a COA, and direct the Clerk of Court to close this case.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania